(Court of Criminal Appeals of Texas. March 24, 1915. On Motion for Rehearing, April 21, 1915.)

1. CRIMINAL LAW ☞1092—APPEAL—BILLS OF EXCEPTION—TIME FOR FILING.

Where accused appealed from the county court, filing his bills of exception more than 20 days after his conviction, while the statute requires that evidence and bills be filed within that time, there was nothing to review on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. ☞1092.]

On Motion for Rehearing.

2. HUSBAND AND WIFE ☞312 — ABANDONMENT—COMPLAINT AND INFORMATION—SUFFICIENCY.

In a prosecution for wife desertion, where the information alleged that the county attorney presented to the court that on a certain date, before the filing of such information, the defendant deserted his wife, etc., not referring to the complaint, which alleged that theretofore defendant deserted his wife without justification and refused to provide for her support, and that she was in destitute and necessitous circumstances, such complaint and information sufficiently charged the offense as against general demurrer; it not being necessary that the information should make mention of the complaint.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1109; Dec. Dig. ☞312.]

Appeal from El Paso County Court; Albert S. Eylar, Judge.

Catarino Herrera was convicted of crime, and he appeals. Affirmed.

W. D. Howe, of El Paso, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted under the statute which punishes a husband for deserting his wife and refusing to provide for her support and maintenance.

[1] Several questions are suggested by bills of exception and in motion for new trial, but these cannot be considered, because they were all filed beyond the time authorized by law.

The court adjourned on 30th day of November. The bills of exception and statement of facts were not filed until the 26th day of December. An order was allowed granting 30 days in which to file these papers. Under the statute, and the decisions construing it, in county court cases 20 days is the limit in which the evidence and bills of exceptions may be filed. These matters, therefore, cannot be revised. Under the recent case of Clark v. State, 174 S. W. 354, we think the information is sufficient.

The judgment will therefore be affirmed.

On Motion for Rehearing.

At a former day the judgment herein was affirmed, without reference to the merits of the case. The statement of facts and bills of exception were filed too late to be considered.

[2] Appellant moves for a rehearing now upon the ground that, first, the information charges no offense against the law; and, second, if it charges any offense, it wholly fails to charge the commission of an offense prior to the presentment of the information. We find that the complaint was filed 28th of July, and alleges that theretofore, to wit, 27th of July, appellant deserted his wife, without justification, and neglected and refused to provide for her support and maintenance, and that she was in destitute and necessitous circumstances. The information, filed August 4th, alleges that the county attorney presented to the court that on or about the 27th day of July, 1914, and before the filing of this information, in said county of El Paso and state of Texas, appellant deserted his wife, etc. It is not necessary that the information should make mention of the complaint, as was decided by this court in Johnson v. State, 17 Tex. App. 230. The general demurrer that the complaint and information do not charge an offense against the law, we think, is without any substantial merit. Such complaint and information have been heretofore treated as being sufficient to charge the offense.

The motion for rehearing will be overruled.

---

HALE v. STATE. (No. 3496.)

(Court of Criminal Appeals of Texas. April 7, 1915.)

CRIMINAL LAW ☞1114—APPEAL AND ERROR —REVIEW.

In the absence of motion for new trial, statement of facts, and bill of exception, the only question for review on appeal from conviction of crime is the sufficiency of the indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2918, 2921; Dec. Dig. ☞1114.]

Appeal from District Court, McLennan County; E. C. Street, Special Judge.

Jim Hale was convicted of forgery, and he appeals. Affirmed.

---

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Indictment was filed against appellant charging him with forgery. When the case was called for trial he entered a plea of guilty, praying that the sentence be suspended. The jury found against him on his plea, asking a suspension of the sentence, and assessed his punishment at two years' confinement in the penitentiary. From this judgment appellant gave notice of appeal to this court, but in the record there is no motion for a new trial, no statement of facts, nor any bill of exception. Under such circumstances the only question we can review is the sufficiency of the indictment. The indictment is valid and charges the offense of forgery, and the judgment must be affirmed.